In re TIRENATIONAL
CORPORATION,
Debtor.

TIRENATIONAL
CORPORATION, Plaintiff,

v.

NTW INCORPORATED, et
al., Defendants.

Bankruptcy No. C 85–7425.

United States District Court,
N.D. Ohio, W.D.

July 24, 1985.

## OPINION AND ORDER

JOHN W. POTTER, District Judge:

This cause came to be heard upon defendants' motion to dismiss this appeal and plaintiff's opposition thereto.

Defendants, like plaintiff, are debtors-in-possession in a pending bankruptcy reorganization case. This appeal is from a March 22, 1985 order of the Bankruptcy Court for the Northern District of Ohio, Western Division. This order stays two of plaintiff's three causes of action against defendants in an adversary proceeding in the Ohio Bankruptcy Court until plaintiff seeks relief from the automatic stay in defendants' pending bankruptcy case from the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division.

The relevant facts are described in some detail in the Bankruptcy Court's March 22, 1985 order and will not be repeated here. Defendants argue that the appeal must be dismissed because the order appealed from is interlocutory and thus not appealable pursuant to 28 U.S.C. § 158 absent leave of this Court. Defendants point out that the order appealed from does not decide any rights or liabilities or end the litigation and that it does not even conclude the automatic stay issue to which it pertains. Defendants state that the action of the Virginia Bankruptcy Court will, on the other hand, provide a final, appealable order. *In Re: Taddeo*, 685 F.2d 24 (2d Cir.1982). Defendants maintain that the Court should not grant plaintiff leave, as is allowed by 28 U.S.C. § 158(a), to appeal the instant order.

Plaintiff acknowledges that the order appealed from does not settle any element of the merits of plaintiff's three claims against defendants. However, plaintiff argues that the order is the equivalent of an adjudication of the issue of whether the filing of actions by one debtor-in-possession against another debtor-in-possession terminates the automatic stay shielding the first debtor. It asserts that the practical effect of the order compels the conclusion that the order is appealable as a final order under 28 U.S.C. § 158. Alternatively, plaintiff argues that the order is appealable either pursuant to the collateral order rule or as an interlocutory order. Plaintiff requests leave to appeal, should the Court view the order in question as an interlocutory order.

The Court has considered the parties' arguments and has determined that this appeal should be dismissed. The Court is not persuaded by plaintiff's assertion that the order in question is, in effect, a final determination on the automatic stay issue. The question of whether the stay should be lifted relative to plaintiff's two causes of action, which the Ohio Bankruptcy Court held to be stayed under 11 U.S.C. § 362, will be determined by the Virginia Bankruptcy Court. The Court does not find the order to be the equivalent of an order denying relief from automatic stay. (Such orders are final for the purposes of appeal to the district court. *In re Taddeo*, 685 F.2d 24 (2d Cir.1982)).

Nor does the Court find the order to be appealable as of right under the collateral order doctrine. A decision under that doctrine is appealable if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important

to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The *Cohen* collateral order doctrine is to be read narrowly. *See Mitchell v. Forsyth*, 53 U.S.L.W. 4798, 4807 (U.S. June 18, 1985) (Brennan, J., concurring and dissenting). The order at issue here does not belong to the small class. While the subject of the order pertains to an issue separate from the merits of plaintiff's action, it does not conclusively determine the disputed question. The Virginia Bankruptcy Court will rule on the issue of the grant or denial of relief from stay. This Court has weighed the inconvenience and costs of the piecemeal review which would occur if defendant's motion were denied against the danger of denying justice by delay, *see Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950). The Court finds that the balance here is struck in favor of denial of review. The Court finds that a just, swift and complete resolution of the proceeding will be possible if it dismisses this appeal.

Having determined that the Ohio Bankruptcy Court's order is interlocutory, this Court will not grant leave for plaintiff to appeal the order. The Court is aware that appellate courts are more inclined to review interlocutory orders of Bankruptcy Courts than those of other courts. However, here plaintiff has not established to the Court's satisfaction that the order in question meets the minimum criteria governing the appeal of interlocutory orders. The Ohio Bankruptcy Court's order is but a procedural step along the way to ultimate resolution on the merits.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion to dismiss appeal be, and the same hereby is, GRANTED.